On the trial below, several objections were taken to the plaintiff's right of recovery, all of which were properly overruled by the *Page 302 
presiding judge. The first is that the action ought to have been brought on the bond of submission. It may be brought on either, at the option of the plaintiff, where the award is for the payment of money. 2 San., 62, Caldwell on Awards, 190, 192. The second objection is to the award, that it does not correspond to and agree with the submission. The words in the bond are, "all manner of accounts, debts, dues, and demands"; the matters taken into consideration and passed upon by the arbitrators are, "all matters of account, debts, claims and demands." The only difference between the two instruments is in the substitution in the latter of the word claims for that of dues in the former; substantially they are the same. The third objection is that the arbitrators had not decided upon or taken into their consideration a bond for $500 held by the plaintiff on the defendant, and that, therefore, their award was incomplete. With respect to this bond, it appeared that before the matters in dispute were referred to Thompson and Williamson, they had been referred to other arbitrators, who had made an award in favor of the plaintiff. The defendant then offered to give to the plaintiff his bond for $500 if he would consent to set aside that award and refer the matters in dispute to Thompson and Williamson, and would stand to, abide by, and perform their award. The plaintiff agreed to the proposition, and the $500 bond was executed and placed in the hands of Thompson as an escrow. When the award was made, a copy was handed to the plaintiff by Thompson, and he expressed his willingness to abide by it, (437) whereupon the bond was, by Mr. Thompson, delivered to him. The exception by the defendant is that the arbitrators did not in their award pass upon this bond. The answer to the objection is a simple one. If that bond constituted a debt, within the terms of the submission, then it was passed on by the arbitrators, and constitutes a portion of the $1,732.52 awarded by their judgment; if it did not come within those terms, the arbitrators had no power to take it into their consideration, and their not doing so constitutes no error on their part. Whether the bond was or was not within the submission, we do not decide, as the question is not before us. That question cannot arise until a suit be brought on that bond and the defendant plead the award in bar. The arbitrators in their award do not profess to be guided in their decision by the principles of law, and, if they did, no error in that particular has been pointed out to us, nor do we perceive any. We see no error in the opinion of the court below.
PER CURIAM. Affirmed. *Page 303 
(438)